# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                )
         v.                )        ID No. 1812002492
                                )
SETH KINDERMAN       )

Submitted: January 22, 2024
Decided: January 26, 2024

*Upon Defendant Seth Kinderman's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant Seth Kinderman's Motion for Appointment of Counsel*
**DENIED.**

## <u>ORDER</u>

Carolyn S. Hake, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North King Street, Wilmington, Delaware 19801, Attorney for the State of Delaware.

Seth Kinderman, SBI# 00875867, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, Defendant, *pro se.*

**WHARTON, J.**

This 26th day of January 2024, upon consideration of Defendant Seth Kinderman's ("Kinderman") Motion for Postconviction Relief ("PCR Motion"),[1] Motion for Appointment of Counsel,[2] and the record in this case, it appears to the Court that:

1. Kinderman was indicted by the grand jury on the charge of first degree murder for the death of Jakeith Latham.[3] Kinderman also was indicted on additional counts of possession of a firearm during the commission of a felony and attempted first degree robbery.[4] On June 1, 2021, Kinderman entered guilty pleas to second degree murder, attempted robbery and the weapon charge.[5] The State and Kinderman jointly agreed to recommend 30 years imprisonment at sentencing.[6]

2. Prior to sentencing, Kinderman sought to withdraw his guilty plea and dismiss his counsel.[7] Counsel also moved to withdraw.[8] The Court granted

---

[1] D.I. 80. The Indictment alleged two counts of first degree murder – one intentional murder and one felony murder. *Id.*
[2] D.I. 79.
[3] D.I. 4.
[4] D.I. 34.
[5] D.I. 26.
[6] *Id.*
[7] D.I. 45, 46.
[8] D.I. 42.

counsel's motion to withdraw and confirmed with Kinderman that he desired that counsel be appointed for him in his effort to withdraw his guilty plea.[9]

3. Kinderman moved to withdraw his guilty plea through appointed counsel.[10] The motion alleged ineffective assistance of counsel ("IAC"). In particular, it alleged that: (1) plea counsel "pressured" him to enter his plea; (2) he regretted that he did not insist on litigating suppression issues before entering his plea; and (3) he wanted cell tower information that he received after his plea, which contained both exculpatory and inculpatory information, excluded after a suppression hearing.[11]

4. The Court held an evidentiary hearing on April 22, 2022 and June 10, 2022 at which Kinderman and both of his plea counsel testified.[12] Kinderman testified that he sought to withdraw his guilty plea because plea counsel: (1) misrepresented the terms of the plea agreement; (2) waited too long to advise him of the plea agreement; (3) failed to provide him with copies of the discovery received from the State; (4) failed to conduct a mitigation investigation and obtain a mitigation report; and (5) pressured him to accept the plea agreement.[13] At the conclusion of the evidence presentation, the Court heard argument. Counsel for

---

[9] D.I. 50.
[10] D.I. 53.
[11] *Id.*
[12] D.I. 62.
[13] Hr'g. Tr. at 36-39 (Apr. 22, 2022).

2

Kinderman relied on three of the five relevant factors this Court considers in evaluating a defendant's motion to withdraw a guilty plea as set out by the Delaware Supreme Court in *Scarborough v. State,*[14] Those three factors were, "whether or not the defendant's plea was knowing and voluntary, whether or not he had adequate legal representation throughout the proceedings, and whether or not the State is prejudiced."[15]

5. At the conclusion of the hearing, the Court issued a bench ruling denying the motion.[16] The Court first observed that Kinderman made no argument that there was a defect in taking the plea, nor did he assert actual innocence.[17] Next, the Court addressed Kinderman's claim that his plea was not knowingly and intelligently offered.[18] Finding no clear and convincing evidence to the contrary, the Court held Kinderman to his answers in the plea colloquy that: (1) he understood the terms of the plea agreement; (2) he had freely and voluntarily decided to plead guilty to the charges in the plea agreement; (3) he was not promised anything not stated in the written plea agreement; (4) nobody, including his plea counsel, threatened or forced him to plead guilty; (6) he understood the specific trial rights he was waiving by entering his plea and the potential penalties

---

[14] 938 A.2d 644, 649 (Del. 2007).
[15] Hr'g. Tr. at 21 (June 10, 2022).
[16] *Id.* at 54-66.
[17] *Id.* at 56.
[18] *Id.*

3

he was facing; (7) he was satisfied with counsel's representation of him and that counsel had fully advised him of his rights; (8) he understood and truthfully answered all of the questions on the Truth-in-Sentencing Guilty Plea Form both when asked by counsel and the Court; and (9) he understood, committed, and pled guilty to each of the crimes in the plea agreement.[19]  Then, the Court discussed the difficulties in getting the case back on the calendar if it were to grant the motion.[20] Finally, the Court considered whether Kinderman had adequate legal representation throughout the proceedings.[21]  Referencing  the test for determining ineffective assistance of counsel established by *Strickland v. Washington,*[22] the Court found that Kinderman suffered no prejudice from counsel's failure to produce a mitigation report.[23]  Ultimately, the Court sentenced Kinderman to an aggregate of 37 years of unsuspended imprisonment.[24]

6.      Kinderman appealed the denial of his motion to withdraw his guilty plea.  The Delaware Supreme Court affirmed this Court on July 20, 2023.[25]  On appeal, Kinderman argued that this Court erred in denying his motion because, "he did not knowingly and voluntarily enter into the plea agreement, and the plea was

---

[19] *Id.* at 57-59.
[20] *Id.* at 59-60.
[21] *Id.* at 60-66.
[22] 466 U.S. 668 (1984).
[23] Hr'g. Tr. at 63.
[24] D.I. 65.
[25] *Kinderman v. State,* 302 A.3d 407 (Del. 2023).

the result of ineffective assistance of counsel."[26]  The Delaware Supreme Court disagreed with both claims.  That Court, just as this Court, relied on Kinderman's responses in the plea colloquy in rejecting his claim that he did not knowingly and voluntarily enter  into the plea agreement.[27]  It further discounted his claim that he was unaware that his plea would waive disposition of his suppression motion as "difficult to believe."[28]   Finally, applying *Strickland*, it found no merit in Kinderman's argument that plea counsel was ineffective in not conducting a mitigation investigation or obtaining a mitigation report, finding that "the record does not, however,  support a finding that plea counsel's performance fell below reasonable standards."[29]  Further, "the record supports the Superior Court's finding that Kinderman was not prejudiced."[30]   Significantly, the Court noted that Kinderman never argued that he would have rejected the plea agreement and gone to trial, but for counsel's ineffectiveness.[31]

7.    Rule 61 is the exclusive remedy for those "in custody under a sentence of this court seeking to set aside the judgment of conviction…"[32]  This Rule balances finality "against … the important role of the courts in preventing

---

[26] *Id.* at 409.
[27] *Id.* at 414.
[28] *Id.*
[29] *Id.* at 415.
[30] *Id.* at 416.
[31] *Id.*
[32] Super. Ct. Crim. R. 61(a)(1).

injustice."[33]    Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[34]   If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[35]   Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[36]   A second or subsequent motion is repetitive and therefore barred.[37]   The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[38] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[39]   Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant

---

[33] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).
[34] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[35] *Id.*
[36] Super. Ct. Crim. R. 61(i)(1).
[37] Super. Ct. Crim. R. 61(i)(2).
[38] Super. Ct. Crim. R. 61(d)(2)(i).
[39] Super. Ct. Crim. R. 61(d)(2)(ii).

can show "cause for relief" and "prejudice from [the] violation."[40] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[41] Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[42]

8.     To successfully bring an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[43] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[44] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[45] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[40] Super. Ct. Crim. R. 61(i)(3).
[41] Super. Ct. Crim. R. 61(i)(4).
[42] *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021). *See also Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger,* 580 A.2d at 556; *State v. McNally,* 2011 WL 7144815, at *5 (Del. Super. Nov. 16 2011); *State v. Wright,* 2007 WL 1982834, at *1 n.2 (Del. Super. July 5, 2007).
[43] *Strickland,* 466 U.S. at 688.
[44] *Id.* at 667-68.
[45] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

assistance."[46] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[47] When addressing the prejudice prong of the IAC test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[48]

9. An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[49]

10. The Court may enter an order summarily dismissing a PCR motion "if it plainly appears from the [motion] and the record of prior proceedings in the case that the movant is not entitled to relief."[50]

11. Kinderman filed this PCR motion, alleging IAC, on January 22, 2024.[51] In particular, he alleges that: (1) he did not intelligently and voluntarily

---

[46] *Strickland*, 446 U.S. at 689.
[47] *Id.* at 694.
[48] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).
[49] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[50] Super. Ct. Crim. R. 61(d)(5).

8

plead guilty; and (2) counsel was ineffective in failing to "insist on a suppression hearing before forcing movant to plead guilty under a threat of a life imprisonment sentence."[52]

12. In most circumstances, a timely first PCR motion alleging IAC would entitle the movant to a resolution on the merits. Kinderman's case is an exception. The Court need not address the merits of the PCR motion because it first finds that Kinderman has not overcome the procedural bars of Rule 61(i). The issues Kinderman raises in his PCR motion are identical to the issues he raised when unsuccessfully litigating his attempt to withdraw his guilty plea. Since these claims were formerly adjudicated in the case, they are barred by Rule 61(i)(4).[53] Thus, it plainly appears from the motion and the record in the case that Kinderman is not entitled to relief. Accordingly, it is **SUMMARILY DISMISSED.**

---

[51] D.I. 78.

[52] *Id.*

[53] The Delaware Supreme Court found Kinderman's claim that he did not understand that he waived resolution of his suppression motion by pleading guilty "difficult to believe." That suppression motion was predicated of a claim that Kinderman's DNA was obtained illegally in another case and later matched to a cigarette butt found at the murder scene in this case. D.I. 30. There is no reason to believe that Kinderman would have been successful in litigating that motion since the State represented that it obtained Kinderman's DNA profile from a source other than the sample obtained in the unrelated case. D.I. 29. In any event, an individual's DNA is immutable and the State easily could have obtained a sample of Kinderman's DNA independently of the allegedly tainted sample.

9

13. Rule 61(e)(3) governs the appointment of counsel for first postconviction relief motions in guilty plea cases.[54] A judge may appoint counsel only if:

(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable;

(ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or *nolo contendere*;

(iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and

(iv) specific exceptional circumstances warrant the appointment of counsel.[55]

Here, Kinderman's IAC claim, having been rejected by this Court and the Delaware Supreme Court, is not substantial. Further, Kinderman has failed to assert specific exceptional circumstances warranting the appointment of counsel.

**THEREFORE**, Defendant Seth Kinderman's Motion for Postconviction Relief is **SUMMARILY DISMISSED.** His Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[54] Super. Ct. Crim. R. 61(e)(3).
[55] *Id.*